IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHYANNE PAYNE, § | |
| PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-1142-M-BK |
| § | |
| LORIE DAVIS, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION DIV., § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and law, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

## I. BACKGROUND

In 2014, Petitioner Shyanne Payne pled guilty to the state charge of injury to a child causing serious bodily injury and was sentenced to 17 years' confinement in the Texas Department of Criminal Justice. *State v. Payne*, No. F12-31234 (Crim. Dist. Ct. No. 3, Dallas Cty., Tex., June 18, 2014). Payne unsuccessfully sought state habeas relief. *In re Payne*, No. WR-85,654-02 (Tex. Crim. App. May 17, 2017) (denied without written order); *In re Payne*, No. WR-85,654-01 (Tex. Crim. App. Sep. 14, 2016) (dismissed as non-compliant).

On May 4, 2018, Payne filed this untimely federal habeas petition. Doc. 1-1 at 8; *see* 28 U.S.C. § 2244(d) (establishing a one-year statute of limitations for seeking federal habeas corpus

relief). Payne concedes that the one-year limitations period had elapsed at the time of filing and relies solely on a claim of actual innocence to overcome the statute of limitations. Doc. 1-1 at 3. Respondent contends that Payne has not demonstrated that she is actually innocent because: (1) she failed to provide any new evidence of her innocence and (2) only argues the sufficiency of the evidence against her. Doc. 7 at 10, 16. The Court concurs. Because Payne proffers only evidence that was available to her at the time of her guilty plea, she has failed to show any new evidence of actual innocence to overcome the limitations bar.

## II. ANALYSIS

"[A] credible showing of actual innocence" satisfies the fundamental miscarriage of justice exception to procedural default and justifies an equitable exception to section 2244(d)'s limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013). In this context, newly-discovered evidence of a petitioner's "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Consequently, "tenable actual-innocence gateway pleas are rare." *Perkins*, 569 U.S. at 386.

To meet the threshold requirement, a petitioner must present new evidence in support of her claim and "show that it is more likely than not that no reasonable juror would have convicted [her] in the light of the new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "New evidence" is evidence that was not presented at trial, and remained unknown to the prosecution, defense, and fact finder throughout the trial. *Floyd v. Vannoy*, 894 F.3d 143, 156 (5th Cir. 2018) (citing *Schlup*, 513 U.S. at 339). The actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of

nonharmless constitutional error." *Perkins*, 569 U.S. at 401 (quotations and quoted case omitted).

Here, despite pleading guilty to injuring her child, Payne asserts that she is actually innocent of the offense and asks the Court to apply the fundamental miscarriage of justice exception to avoid the time bar. The evidence Payne relies on to demonstrate actual innocence is: (1) her belief that the police detective was biased toward her because of her teen pregnancy; and (2) a video[1] of her boyfriend purportedly manipulating her into admitting her guilt (taken during a break between their respective interviews). Doc. 10 at 3-4. She also contends that a series of text messages between her and her boyfriend (a few months after she was indicted), during which he allegedly confessed to injuring her daughter, proves her innocence. Doc. 1-1 at 9-10.

Payne plainly fails to present a credible claim of actual innocence. Contrary to Payne's assertions, the evidence she proffers cannot be considered "new" under the *Schlup* test because it was known to her and her trial counsel at the time she pleaded guilty. *See* Doc. 1-1 at 9; Doc. 9-6 at 4-6 (affirmation of trial counsel that she knew of the alleged new evidence). *Cf. Floyd*, 894 F.3d at 156 (concluding exculpatory evidence was "new" because it "was not presented at trial, and remained unknown to the prosecution, defense, and trial judge throughout the trial"). Nonetheless, Payne argues that under *Perkins*, "new" evidence is that not presented to the factfinder. Doc. 10 at 6. She contends that, in *Perkins*, the exculpatory affidavits obtained after trial related evidence that was available to the defendant at the time of trial. Doc. 10 at 7.

---

[1] Payne submitted a copy of the video with her habeas petition and the Court has reviewed it. Doc. 3.

Payne's reliance on *Perkins* is misplaced.  In *Perkins*, the district court concluded that the purported newly-discovered evidence—information contained in three affidavits—was "substantially available to [Perkins] at trial," and rejected Perkins' claim of actual innocence. *Perkins*, 569 U.S. at 400.  The Court of Appeals for the Sixth Circuit reversed the district court. However, the Supreme Court remanded the case, holding: "the District Court's appraisal of Perkins' petition as insufficient to meet *Schlup*'s actual-innocence standard should be dispositive, absent cause, which we do not currently see, for the Sixth Circuit to upset that evaluation."  *Perkins*, 569 U.S. at 401.

Likewise, the holding in *Floyd* lends no support to Payne's argument.  The *Floyd* court concluded that exculpatory evidence which existed at the time of the defendant's trial, but was withheld from both the prosecution and the defense and not presented at trial, constituted new evidence under the *Schulp* standard.  *Floyd*, 894 F.3d at 156.  Unlike in *Floyd*, however, Payne's purported new evidence was not withheld from the prosecution or defense and was available when she pled guilty.

In sum, Payne has failed to present a credible claim of actual innocence by producing *new* evidence that is sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt."  *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).  Accordingly, the "actual innocence" exception is inapplicable under the facts of this case, and the petition is time barred.

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** October 24, 2018.

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE