IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHYANNE PAYNE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1142-M-BK |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Petitioner Shyanne Payne filed objections, and the Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

Payne objects to the Magistrate Judge's conclusion that she is precluded from asserting an actual innocence claim because the evidence on which she relies—videotaped evidence of her boyfriend manipulating her into admitting her guilt and his later text messages confessing to harming her baby—was available to her and trial counsel when she pled guilty and, thus, is not newly discovered evidence. Doc. 12 at 2. Payne contends that in *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013), "[t]he Supreme Court only required that the relevant evidence be, "new," i.e., never presented to the previous factfinder," and that the Court in *Schlup v. Delo*, 513 U.S. 298, 324 (1992), "did not say, 'that [the evidence] was newly discovered since trial.'" Doc. 12 at 2-3.

"The Supreme Court has not explicitly defined what constitutes 'new reliable evidence' under the *Schlup* actual-innocence standard." *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018), *pet. for cert. filed*, No. 18-940 (Jan. 18, 2019). Further, the circuits are split on "whether

the new evidence must be 'newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial.'" *Tyler v. Davis*, — F. App'x —, 2019 WL 1782640, at *1 (5th Cir. 2019) (per curiam) (quoting *Hancock*, 906 F.3d at 389 & n.1). While the United States Court of Appeals for the Fifth Circuit has "yet to weigh in on the circuit split," it recently reaffirmed that "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)); *see also Tyler*, — F. App'x —, 2019 WL 1782640, at *1 (same).

As in *Hancock* and *Tyler*, Payne does not dispute that the video and texts were always known by and available to her and trial counsel before her guilty plea. It follows, therefore, that they do not qualify as new evidence for purposes of *Schlup* and *Perkins*. Hence, Payne's actual innocence gateway claim fails to overcome the limitations bar.

The objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. 28 U.S.C. § 2244(d)(1).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to

show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

If petitioner files a notice of appeal,

( ) petitioner may proceed *in forma pauperis* on appeal.

(X) petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 20th day of May, 2019.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings provides:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.